This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38443**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ALEXIS DEVRIES,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Henry A. Alaniz, Metropolitan Judge**

Hector H. Balderas, Attorney General
Benjamin L. Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant Alexis Devries appeals her conviction of driving under the influence of intoxicating liquor, contrary to NMSA 1978, Section 66-8-102(A) (2016), arguing that (1) there is insufficient evidence that she had consumed alcohol, (2) the metropolitan court abused its discretion in denying her motion for a new trial, and (3) her trial counsel was ineffective. Unpersuaded, we affirm.

**DISCUSSION**

**{2}** Having carefully reviewed the record, we conclude that the arresting officer's testimony and corroborating video evidence support a reasonable inference that, "as a result of drinking liquor[, D]efendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public." UJI 14-4501 NMRA. The State presented circumstantial evidence to support that Defendant had consumed alcohol, including that Defendant was involved in a one-car accident and that the investigating officer observed an odor of alcohol and other signs of impairment during standardized field sobriety tests.

**{3}** Defendant points to evidence that might have allowed the metropolitan court to conclude that she was not impaired due to alcohol consumption, and we recognize that the record contains evidence that Defendant had no alcohol in her blood when her breath was tested several hours after her arrest. However, under our deferential standard of review, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [a d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. We may not "reweigh the evidence or substitute our judgment for that of the fact[-]finder." *State v. Gipson*, 2009-NMCA-053, ¶ 4, 146 N.M. 202, 207 P.3d 1179. Instead, we must "resolve all disputed facts in favor of the [s]tate, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *Rojo*, 1999-NMSC-001, ¶ 19. Applying this standard, we conclude that the State's evidence supports a "fair inference," *State v. Barrera*, 2002-NMCA-098, ¶ 10, 132 N.M. 707, 54 P.3d 548, that Defendant was impaired because she had consumed alcohol.

**{4}** Nor are we convinced, having reviewed the record, that "the interest[s] of justice" required the metropolitan court to order a new trial when it ruled on Defendant's post-trial motion contending that the weight of the evidence was against conviction and adding to the record some foundational evidence to support the reliability of the blood-alcohol evidence. Rule 7-611(A) NMRA. Because the exculpatory evidence is of Defendant's blood-alcohol content several hours after she crashed into a roadway median, it does not overwhelm the evidence supporting the verdict that Defendant had consumed alcohol and, as a result, was less able, to the slightest degree, to handle the vehicle she crashed. *See generally State v. Griffin*, 1994-NMSC-061, ¶ 5, 117 N.M. 745, 877 P.2d 551 ("[W]hen there is such overwhelming evidence against conviction that it is apparent to the trial court that injustice has been done, the court has the duty to grant a new trial."). And, because the evidence attached to Defendant's motion was merely foundational and was not discovered post-trial, the metropolitan court did not err by declining to use it as a basis for weighing the blood-alcohol evidence more heavily. *See State v. Moreland*, 2008-NMSC-031, ¶ 17, 144 N.M. 192, 185 P.3d 363 (recognizing that, when a motion for a new trial is premised on new evidence, several conditions must be met to warrant a new trial, including that the evidence have been discovered after trial and that it "will probably change the result if a new trial is granted" (internal quotation marks and citation omitted)). Accordingly, we hold that the metropolitan court did not abuse its discretion in denying the motion. *See State v. Chavez*, 1984-NMSC-018, ¶ 7, 101 N.M. 136, 679 P.2d 804 (recognizing that "a trial court has broad

discretion in granting or denying a motion for new trial" and that its ruling on the matter "will not be reversed absent a clear and manifest abuse of that discretion"), *overruled on other grounds by Griffin*, 1994-NMSC-061.

**{5}**     Finally, as to Defendant's argument that her trial counsel was ineffective by failing to introduce more evidence of the reliability of the blood-alcohol evidence such that the metropolitan court would give it more weight, we conclude that Defendant has not made a prima facie case of ineffective assistance of counsel. As we have explained, the blood-alcohol evidence had only limited probative value, and we are thus unconvinced that the outcome would have been different if more evidence of its reliability had been admitted—i.e., assuming without deciding that it was error not to introduce more evidence of the reliability of the blood-alcohol evidence, we are not convinced that any such error was sufficiently prejudicial. *See generally State v. Crocco*, 2014-NMSC-016, ¶ 14, 327 P.3d 1068 (explaining that a defendant must "establish both . . . attorney error and prejudice" to make a prima facie case of ineffective assistance of counsel). Nothing in this opinion, however, precludes Defendant from raising a claim of ineffective assistance of counsel, and developing a record more pertinent to the issue, in habeas corpus proceedings. *See generally id.* ¶ 13.

**CONCLUSION**

**{6}**     We affirm.

**{7}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**